IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIK L. HOCKENBERRY,

                         Plaintiff,                        OPINION and ORDER

      v.
                                                            24-cv-485-jdp
JPMORGAN CHASE & CO.,

                         Defendant.

---

Plaintiff Erik L. Hockenberry, proceeding without counsel, is suing defendant JPMorgan Chase & Co., alleging that he lost his livelihood as a financial advisor because of the collapse of gold and silver prices in 2012 and 2013, which he says was the result of JPMorgan "manipulating the market." He seeks more than $5 million in damages.

JPMorgan moves to dismiss on three grounds: (1) the court lacks personal jurisdiction over JPMorgan; (2) Hockenberry's claim is untimely; and (3) Hockenberry has failed to state a claim upon which relief may be granted. Once personal jurisdiction is challenged by the defendant, the court may not consider the merits until it resolves the jurisdictional issue in the plaintiff's favor. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). I conclude that Hockenberry has failed to show that this court can exercise jurisdiction over JPMorgan, so I will grant the motion to dismiss without considering the other issues that JPMorgan raises.

ANALYSIS

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the burden of proof rests on the plaintiff to make a prima facie showing that the court may exercise jurisdiction over the defendant. *Hyatt International Corp. v. Coco*,

302 F.3d 707, 713 (7th Cir. 2002). The court must accept as true all plausible allegations in the complaint, but the court may also consider evidence submitted by the parties. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392–93 (7th Cir. 2020). All genuine factual disputes must be resolved in the plaintiff's favor. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Generally, the plaintiff must show that an exercise of jurisdiction is consistent with both state law and the Due Process Clause. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). But in this case, JPMorgan discusses only the Due Process Clause in its brief, so I will not consider the requirements of Wisconsin's long-arm statute. *See Carrington v. Experian Holdings, Inc.*, 469 F. Supp. 3d 891, 895 (W.D. Wis. 2020) (defendant waives contention that state law doesn't authorize exercise of personal jurisdiction by failing to raise the issue).

The Supreme Court has identified two types of personal jurisdiction: general and specific. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414, 415 nn. 8, 9, 10 (1984). Hockenberry has not shown that the court can exercise either type of personal jurisdiction.

A party is subject to general jurisdiction in a state when its contacts are so "substantial, continuous, and systematic" that the party is "essentially at home" in the state. *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015). This is a demanding standard. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425–26 (7th Cir. 2010). When the party is a corporation, that standard can be satisfied if the party is incorporated in the forum state or if the party's principal place of business is located there. *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 722 (7th Cir. 2024). Conducting business in the forum state or selling products there is

not enough to establish general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011).

In this case, JPMorgan is incorporated in Delaware and its principal place of business is in New York. Dkt. 7 (declaration of JPMorgan's managing director). Hockenberry has not submitted any evidence or alleged any facts suggesting that JPMorgan's contacts with Wisconsin are otherwise so continuous and systematic that it is "at home" in Wisconsin.

A court may exercise specific jurisdiction if the plaintiff shows that: (1) the defendant purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; and (2) the plaintiff's alleged injury arose out of the defendant's forum-related activities. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 398 (7th Cir. 2020).[1] The plaintiff cannot rely on the defendant's "random, fortuitous, or attenuated contacts [with the forum state], or . . . the unilateral activity of another party or third person." *Id.* at 396.

In this case, Hockenberry does not identify any contacts that JPMorgan has with Wisconsin that are related to his injuries. Hockenberry alleges that JPMorgan committed "major securities fraud in the Gold and Silver market" between 2006 and 2012 and that fraud somehow destroyed his business as a financial advisor. Dkt.1-1, at ¶¶ 2, 6–8, 11. But Hockenberry does not allege that JPMorgan committed any fraudulent acts in Wisconsin or that JPMorgan directed any fraudulent statements to him or anyone else in Wisconsin. Even if I assume that JPMorgan could have foreseen that its conduct would harm Wisconsin citizens,

---

[1] If the plaintiff makes that showing, the burden shifts to the defendant to show that an exercise of jurisdiction would "offend traditional notions of fair play and substantial justice." *Curry*, 949 F.3d at 402 (internal quotation marks omitted). I conclude that Hockenberry has not satisfied the first two requirements, so it is not necessary to consider this issue.

foreseeability is not enough to establish personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 290 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The plaintiff must show that the defendant "expressly aimed" its conduct at the forum state. *In re Sheehan*, 48 F.4th 513, 525–26 (7th Cir. 2022); *Mobile Anesthesiologists Chicago, L.L.C. v. Anesthesia Assocs. of Houston Metroplex*, 623 F.3d 440, 444 (7th Cir. 2010). So knowledge that a fraud on the market could hurt investors in Wisconsin would not suffice. *See Charles Schwab Corporation v. Bank of America Corporation*, 883 F.3d 68, 87–88 (2d Cir. 2018).

Hockenberry says that the court may exercise personal jurisdiction over JPMorgan for several reasons, but none are persuasive. First, Hockenberry says that he and JPMorgan are citizens of different states and the amount in controversy is more than $75,000. But those issues are relevant to whether the court has subject matter jurisdiction under 28 U.S.C. § 1332, that is, whether the lawsuit can be litigated in federal court as a general matter.[2] Personal jurisdiction is about whether the courts in a particular state may decide the case. Diversity of citizenship does not support the exercise of personal jurisdiction.

Second, Hockenberry says that it was JPMorgan, not he, who removed this case to federal court. Hockenberry does not explain the relevance of this observation, but I presume he means to contend that any defects in personal jurisdiction would require the court to remand

---

[2] Hockenberry does not identify a particular claim that he is asserting, but both sides assume that he is raising state-law claims only and that the court may exercise subject matter jurisdiction under § 1332 only. The complaint and notice of removal say that Hockenberry is a "resident" of Wisconsin, but they do not say where he is "domiciled," which is where Hockenberry intends to remain for the foreseeable future. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). This makes it unclear whether the parties' citizenship is diverse because citizenship is determined by domicile rather than residence. *Id*. But I need not resolve this issue because "a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007).

the case to state court. But that argument again conflates subject matter jurisdiction and personal jurisdiction, which are separate issues, as already explained. Lack of personal jurisdiction over JPMorgan would be a problem for both federal and state courts in this case, so remanding the case to state court would not solve the problem.

Third, Hockenberry says in his brief that JPMorgan has a "main office" in Milwaukee, Wisconsin. Dkt. 10, at 11. Hockenberry cites no evidence to support that statement, which is contradicted by the JPMorgan's declaration stating that its principal place of business is in New York. Dkt. 7. Numerous courts have made the same finding.[3] JPMorgan may have *an* office in Milwaukee, but that is not enough on its own to provide a basis for exercising jurisdiction. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014); *see also Daimler*, 571 U.S. at 139 n.18 (rejecting view that "the exercise of general jurisdiction based on the presence of a local office" is appropriate).

Fourth, Hockenberry says that JPMorgan has a registered agent and a "permanent cadre of attorneys" in Madison. *Id.* But the presence of an agent or counsel in a state does not provide a basis for general jurisdiction, and those alleged contacts are not related to Hockenberry's injuries, so they do not provide a basis for specific jurisdiction. *See Goodyear*, 564 U.S. at 927 ("A corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.") (internal quotation marks omitted).

---

[3] *See, e.g., Brown v. JPMorgan Chase & Co.*, No. 22-11298, 2023 WL 3511363, at *1 (D. Mass. May 17, 2023); *Roll v. JPMorgan Chase & Co.*, No. 20-cv-1090, 2020 WL 6545899, at *1 (E.D.N.Y. Nov. 6, 2020); *In re JPMorgan Chase Derivative Litigation*, 263 F.Supp.3d 920, 943 (E.D. Cal. 2017); *Matute v. JPMorgan Chase & Co.*, No. CV 16-1753, 2016 WL 3092124, at *4 (C.D. Cal. May 31, 2016); *Dusek v. JPMorgan Chase & Co.*, 132 F. Supp. 3d 1330, 1335 (M.D. Fla., 2015).

Fifth, and finally, Hockenberry says that he is entitled to his choice of forum. The plaintiff's choice is relevant to the question whether a case should be transferred for the convenience of the parties. *See Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 979 (7th Cir. 2010). But it is irrelevant to personal jurisdiction, which is based solely on the defendant's contacts with the state, not the plaintiff's preferences about where to sue.

The bottom line is that Hockenberry has not identified a basis for exercising general jurisdiction or specific jurisdiction over JPMorgan in Wisconsin. The court will grant JPMorgan's motion to dismiss, but Hockenberry remains free to refile the case in a state where JPMorgan is subject to personal jurisdiction, such as New York or Delaware.

ORDER

IT IS ORDERED that defendant JPMorgan Chase & Co.'s motion to dismiss, Dkt. 5, is GRANTED. The case is DISMISSED without prejudice for lack of personal jurisdiction. The clerk of court is directed to enter judgment accordingly and close this case.

Entered December 12, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge